ADDISON,
*January,*
1830.

ADM'RS. OF SYLVESTER POND *vs.* CLARK WARNER.

A as surety for B executed with him a note to C, and after the note had became paya-, ble, B executed a contract of indemnity to A, thereby engaging to pay the note to C, "so as wholly to indemnify and save harmless the said (A) from his liability on said note, by reason of his signing the same as surety as aforesaid." Held that this was but a common contract of indemnity, and that A must have sustained actual damage to entitle him to sue upon it.

*Semble,* that it would have been otherwise, had the indemnity been given to A in the same terms, before the note to C became payable.

The allowance by commissioners of a large demand against the estate of a surety, when duly reported to the probate court and registered among the claims against the estate, is a damnification, and will entitle the administrator to sue the principal upon his promise of indemnity.

*Ejectment* for a tract of land in *Addison,* brought here upon exceptions taken by the defendant at the trial in the county court. The plaintiffs claimed title under a mortgage deed executed by the defendant to the intestate on the 1st of November, A. D. 1826. The condition of the deed recited, that on the 8th day of January, A. D. 1825, the intestate executed to *Apollos Austin,* with, and as surety, for, the defendant and two other persons, a promissory note of that date, for the sum of $400, and payable in one year from date. It then provided, that if the defendant should well and truly pay, or cause to be paid to said *Austin* the note aforesaid, " so as wholly to indemnify and save harmless the " said *Sylvester* from his liability on said note, by reason of his " signing the same as surety as aforesaid," then said deed was to become void, but otherwise to remain in force. To show a breach of this condition the plaintiffs proved, that in the fall of A. D. 1827 the intestate died, and the administration of his estate was thereupon granted to them ; that they represented the estate insolvent, and commissioners were appointed to receive and allow the claims of creditors ; that *Austin* presented the note aforesaid, which was allowed against the estate on the 12th day of May, A. D. 1828, and that the doings of the commissioners were duly reported to the probate court, and there accepted and allowed. As evidence of payment of this demand to *Austin,* the plaintiffs showed the note aforesaid at the trial, in the hands of their attorney, with the following words written thereon :

" Rec'd the contents of these notes of *H. Brevoort,* (one of the plaintiffs.)                                         " *A. Austin.*"

No other evidence of payment was given, nor was the signature of *Austin* to the receipt aforesaid proved. The defendant insisted that these facts were not sufficient to work a forfeiture of the condition ; but the county court decided otherwise, and gave judgement for the plaintiffs. The defendant filed exceptions which were passed to this court for a hearing and decision thereon.

ADDISON,
January,
1830.

Adm's of Pond
vs.
Warner.

*Woodbridge, for the defendant,* contended, That the mere liability of the intestate to be sued upon the note, and the allowance of the same against his estate, gave no cause of action upon the contract of the defendant, and were not sufficient to work a breach of the condition.—1 *Swift's Dig.* 413.—2 *Con. Rep.* 244. He also insisted that the possession of the note by the attorney of the plaintiff, with a pretended receipt of payment upon it, but without any proof of actual payment, or of the execution of said receipt by *Austin,* was not evidence from which a payment of the debt could be presumed.—3 *Stark. Ev.* 1384. And that the receipt, if duly proved, did not show a payment by the plaintiffs as administrators, but rather imported a purchase of the claim by *H. Brevoort,* in his individual capacity.

*Hawley, for the plaintiffs, insisted,* That this was not like a common contract of indemnity. The condition of the deed expressly provided against the *liability* of the intestate, and not merely against his ultimate *loss* or *injury.* It was therefore necessary, in order to save the condition, that the defendant should have paid the note immediately, or at least within a short and reasonable time. He also contended that the defendant, by suffering the demand to come against the estate, and be allowed, had clearly violated the condition, as inconvenience and additional expense were thereby thrown upon the estate. And that the evidence of payment in this case was sufficient, for that it would be at least *prima facie* evidence against *Austin* himself.

ROYCE, J. delivered the opinion of the court.—When the mortgage deed was executed, the intestate had been liable on the note to *Austin* a long time, as it had fallen due in January, A. D. 1826. And the parties could scarcely have contemplated, that the mortgage must of necessity be forfeited as soon as it was made. Had it been executed before the note became payable, the language used in the condition would probably have borne the construction for which the plaintiffs now contend ; but being executed after, those expressions are not to be understood as providing against a mere liability to *Austin,* but only against the consequences of such liability. This then was a common contract of indemnity, where the liability of the surety to be sued is not alone a breach of the contract. As it does not appear that the intestate was at all damnified in his life time, the right of the plaintiffs to recover must therefore depend on the question, whether any actual damage has accrued to the estate. The facts relied on to show a payment of the debt by the administrators are insufficient

for that purpose, at least in this action. The single objection that the receipt upon the note has no date, and that no extraneous evidence was given, to ascertain whether the supposed payment was before, or after, the commencement of this suit, is fatal; and whether the evidence was proper, or sufficient, to create a presumption of payment at *some* time, we have no occasion at present to determine. The only remaining ground, on which to claim a forfeiture, is the allowance of the claim before commissioners, with its necessary and probable consequences to the estate. These we deem sufficient to entitle the plaintiffs to recover. That the hearing, allowance, and report of a demand of such importance did occasion expense to the estate, to some extent, is certain ; and that it may have affected the whole plan of administration, is not improbable. The allowance of commissioners is tantamount, in many respects, to a judgement at law ; and a judgement recovered against a surety, especially if he has borne the expenses of the suit, will doubtless entitle him to an action against the principal. On this ground the judgement of the county court must be

Affirmed.

*N. Hawley*, for plaintiffs.
*E. D. Woodbridge*, for defendant.