Timothy Hussey & *al. versus* George W. Collins & *al.*

Upon a mere contract of indemnity, no action lies until the plaintiff has sustained some damage by the breach of it.

Assumpsit, alleging that the defendants, in consideration that the plaintiffs would sell and did sell and deliver to them a horse, of the value of $80, by their contract in writing agreed with the plaintiffs to carry on a certain lawsuit, commenced by one Levi Hunnewell against the plaintiffs, free from expense to the said plaintiffs, and if the suit should terminate against the plaintiffs, to save them harmless and pay all damages aris-

ing from said suit. And the plaintiffs aver, that Hunnewell did recover judgment against them for the sum of seventy-five dollars damages, and costs of suit, taxed at twenty-six dollars and fifty-seven cents, which is now in full force, and upon which execution hath been issued against the plaintiffs.

The foregoing facts were admitted, and also that the plaintiffs had paid no part of the execution.

*Hutchinson*, for plaintiffs.

Delivery of the property of the plaintiffs to the defendants, in exchange for property delivered by the defendants, the title of which they were bound to warrant, constitutes a good and valuable consideration for the promise of the defendants in the writing declared upon. Cro. Jac. 474; Roll. Abr. 90; 2 Black. Com. 30; 2 Kent's Com. 374, and in numerous cases in all the Reports.

The damages are the whole amount of the judgment recovered by Hunnewell against the plaintiffs, as the proceeds of this judgment will discharge the plaintiffs · from their liability, and complete justice be done. 3 Pick. 429.

The promise of the defendants upon a fair construction of the writing, was to defend the suit, *Hunnewell* v. *Husseys*, the plaintiffs, and in case the judgment should be against them, to pay the amount recovered. The defendants have done neither, and are therefore justly liable to this action upon their broken contract.

*D. D. Stewart*, for defendants.

SHEPLEY, C. J. — The declaration alleges in substance, that the defendants by a written contract made on December 30, 1815, agreed to defend an action commenced by Levi Hunnewell against the plaintiffs free of expense to them; and to save them harmless from all damages occasioned thereby. That Hunnewell recovered judgment against them at the Oct. term of the District Court in this county, in the year 1846, for the sum of $75,00, damages, and $26,57, costs of suit.

By an agreement of the parties the declaration is to be regarded, as stating the facts correctly, and it is further agreed,

that the execution issued on that judgment against the plaintiffs has not been satisfied, and that neither of them has been arrested upon it.

There is no allegation or proof, that the plaintiffs had paid any thing on account of that suit, or that they had been otherwise injured thereby. The judgment may never be enforced against them. It may be, that the defendants have made arrangements to prevent it.

There must be proof of damage actually suffered, to enable one to maintain an action upon a contract of indemnity. *Gardiner* v. *Cleaveland,* 9 Pick. 336 ; *Pond* v. *Warner,* 2 Verm. 532 ; *Morrison* v. *Berkey,* 7 S. & R. 238 ; *Reynolds* v. *Magness,* 2 Iredell, 26 ; *Brown* v. *Spann,* 3 Hill, S. C. 324.

The contract declared upon is a contract of indemnity.

It is unnecessary to consider, whether it was made upon sufficient consideration.          *Plaintiffs nonsuit.*