**Margaret SICILIANI**

v.

**Joanne CONNOLLY.**

Supreme Judicial Court of Maine.

Submitted on Briefs Nov. 15, 1994.

Decided Dec. 30, 1994.

Paula Hopkins, Anthony P. Shusta, II, Corson & Shusta, P.A., Madison, for plaintiff.

Francis M. Jackson, Portland, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, DANA, and LIPEZ, JJ.

ROBERTS, Justice.

Joanne Connolly appeals from a judgment entered in the Superior Court (Cumberland County, *Saufley, J.*) awarding $36,000 to Margaret Siciliani. The court found that Connolly was unjustly enriched by improvements made to her property by Siciliani and her then husband. On appeal, Connolly challenges the sufficiency of the evidence to establish liability and to support the award of damages. We affirm the judgment.

The court found that, while Siciliani was married to Connolly's son John, the couple built a house on property owned by Connolly. The couple expected that Connolly would eventually convey the land to her son. There is no dispute that Connolly encouraged the construction and provided some financial assistance. Shortly after the couple moved into the house they separated, and some time later obtained a divorce. As part of the divorce judgment, the court awarded to Siciliani any interest of her husband in the house located on Connolly's land. *See Tozier v. Tozier*, 437 A.2d 645, 648 (Me.1981) (when donee makes substantial improvement to property in reliance on promise to convey land, court may enforce promise to make a gift).

Siciliani filed a two-count complaint against Connolly seeking a partition of the real estate or damages for unjust enrichment based on the value added to the property by the improvements. She presented testimony of a real estate appraiser that supports the court's finding that the improvements enhanced the value of Connolly's property by $46,000. The court credited Connolly with a contribution of $10,000 toward the construction and awarded Siciliani $36,000 on her unjust enrichment claim. The court denied Siciliani's claim for partition, and that decision is not challenged.

■ On appeal Connolly's sole contentions are that Siciliani failed to establish a critical element of unjust enrichment and that the court improperly assessed damages against her. Citing our opinion in *Estate of White*, 521 A.2d 1180 (Me.1987), she argues that Siciliani must prove "a contemporaneous understanding that compensation is anticipated for the services being rendered." We disagree. As we have recently recognized, *White* properly applied the legal standard for *quantum meruit*, although we mischaracterized the action as a claim for unjust enrichment. *See Danforth v. Ruototo*, 650 A.2d 1334, 1335 n. 2 (Me.1994). The contemporaneous understanding required in *White* is a necessary element in *quantum meruit*, but it is not a necessary element of unjust enrichment. The basis of liability in unjust enrichment is correctly stated in *Aladdin Elec.*

*Assocs. v. Town of Old Orchard Beach*, 645 A.2d 1142 (Me.1994). In that case we stated that a plaintiff must prove that the benefit was accepted or retained in circumstances rendering the defendant's retention inequitable. *Id.* at 1144. In this case, the court correctly determined that Siciliani had met that burden.

Because of her mistaken view of the nature of this case, Connolly contends that Siciliani's damages should be limited to the value of her labor in constructing the house. That may be a proper measure for a *quantum meruit* claim and, in some circumstances, proper evidence from which to measure the extent of the benefit conferred on the defendant. *Id.* at 1145. In this case, however, the enhanced value to Connolly's property resulted from a combination of financial contributions and the labor of Siciliani and of John and his friends. All of that enhanced value can properly be attributed to Siciliani, except the $10,000 contribution of Connolly. We discern no error in the assessment of damages.

The entry is:

Judgment affirmed.

All concurring.