2000 ME 148

**HOWARD & BOWIE, P.A.**

v.

**Donald and Linda COLLINS**

v.

Howard & Bowie, P.A.

Howard & Bowie, P.A.

v.

**Cloutier & Briggs, P.A.**

Supreme Judicial Court of Maine.

Argued: April 4, 2000.
Decided: July 27, 2000.
Reconsideration Denied Sept. 26, 2000.

James M. Bowie, Esq., (orally), Lisa Fitzgibbon Bendetson, Thompson & Bowie, Portland, for plaintiffs.

Philip P. Mancini, Esq., (orally), Cloutier & Briggs, P.A., Rockport, for defendants.

Panel: WATHEN, C.J., and CLIFFORD, RUDMAN, DANA, SAUFLEY, ALEXANDER, and CALKINS, JJ.

CLIFFORD, J.

[¶1] The law firm of Cloutier & Briggs, P.A. appeals from a judgment entered in the Superior Court (Lincoln County, *Brennan, J*.) in favor of the law firm of Howard & Bowie, P.A., determining that Cloutier & Briggs had been unjustly enriched by retaining the entire contingency fee from the proceeds of a settlement reached in a case in which Howard & Bowie had been the original attorneys of record for the plaintiffs, and had been discharged by the clients after completing some work on the case. Cloutier & Briggs contends that the trial court erred in determining that Howard & Bowie was entitled to any award for unjust enrichment and that, in any event, the clean hands doctrine should have been applied to reduce any such award. Howard & Bowie argues that the recovery awarded in this case is supported by the theories of unjust enrichment and, alternatively, quantum meruit. Howard & Bowie also cross appeals, contending that the trial court undervalued Howard & Bowie's unjust enrichment award. Concluding that Howard & Bowie was not entitled to recovery in unjust enrichment or in quantum meruit, we vacate the judgment.

[¶2] On August 31, 1990, Donald and Linda Collins suffered personal injuries in an automobile accident. They retained Clayton Howard and the law firm of Howard & Bowie to represent them, eventually executing a fee agreement which contained the following language:

Compensation on the foregoing contingency shall be on the basis of 33⅓ percent (33⅓%) of the amount collected.... [I]n the event that the Client shall discharge the Attorney or otherwise prevent the Attorney from performing under this Agreement without good cause

prior to the conclusion of the case, then in that event, the Attorney shall receive the same contingent fee from any amount collected by the Client subsequent to the discharge.

[¶ 3] On behalf of the Collinses, Howard brought a personal injury lawsuit in the Superior Court. He negotiated with opposing counsel and, in April of 1993, received an offer of settlement in the amount of $225,000. The case did not settle, however, and it was placed on the trial list for May of 1993.

[¶ 4] The Collinses grew dissatisfied with Howard's handling of the case. As the case neared trial, the Collinses learned that Howard had not contacted any of the witnesses to inform them of the upcoming trial. They met with Donald Briggs, an attorney with Cloutier & Briggs. Briggs told the Collinses that Cloutier & Briggs would not get involved in the case until the Collinses had tried to work things out with Howard.

[¶ 5] Briggs encouraged the Collinses to meet with Howard to discuss their misgivings. The Collinses agreed and met with Howard, but the Collinses remained dissatisfied. They returned to Cloutier & Briggs, agreed to retain that law firm as counsel, and executed a fee agreement. In addition to the written agreement, Cloutier & Briggs orally promised the Collinses that they would only be responsible for paying one fee, and if it was later determined that the Collinses owed Howard & Bowie a fee for the services it had provided, Cloutier & Briggs agreed to pay that fee.

[¶ 6] Howard testified that when he learned that the Collinses had hired Cloutier & Briggs, he was concerned that Cloutier & Briggs would not honor Howard & Bowie's original fee agreement with the Collinses. In May of 1993, seeking to enforce the fee agreement, Howard & Bowie prepared and filed a complaint against the Collinses, CV–96–46, seeking judgment in an amount equal to one-third of the $275,000 settlement offer that How-

ard & Bowie claimed it had secured on behalf of the Collinses. Howard & Bowie later amended the complaint against the Collinses, adding a claim based on quantum meruit. Howard & Bowie unsuccessfully attempted to attach the proceeds of any settlement reached in the Collinses' personal injury case.

[¶ 7] The Collinses counterclaimed against Howard & Bowie on theories of malicious prosecution and intentional and negligent infliction of emotional distress.

[¶ 8] In January of 1994, the Collinses, through Cloutier & Briggs, settled their personal injury action for $360,000, and Cloutier & Briggs retained their contingency fee from the proceeds of that settlement. In December of 1994, Howard & Bowie filed a complaint against Cloutier & Briggs in the Superior Court, CV–94–107, seeking, on unjust enrichment grounds, an equitable share of the fee received by Cloutier & Briggs. Howard & Bowie later added a claim based on quantum meruit.

[¶ 9] The two cases were consolidated for trial. Prior to trial, however, the parties agreed to submit to mediation. A settlement of the issues raised in CV–93–46, Howard & Bowie's action against the Collinses, resulted from the mediation. The settlement agreement called for Howard & Bowie to pay the Collinses $58,000 to settle the Collinses' counterclaims. In return, the Collinses assigned to Howard & Bowie "any and all rights" the Collinses had "as against Cloutier & Briggs ... to be indemnified as against all attorneys fees owed or claimed to be owed" by the Collinses to Howard & Bowie.

[¶ 10] Although a settlement was reached in CV–93–46, a final judgment was not entered by the court in that case until after a trial on the merits in *Howard & Bowie v. Cloutier & Briggs,* CV–94–107, in which mediation had failed to produce a settlement. At that time and in accordance with the settlement agreement, the trial court entered a dismissal without

prejudice in the action brought by Howard & Bowie against the Collinses.

[¶ 11] At the trial in *Howard & Bowie v. Cloutier & Briggs,* Jeffrey Edwards, attorney for the defendants in the Collinses' personal injury action, testified that prior to Howard & Bowie's discharge in that action, the firm had participated in "a series of depositions" and that "[d]iscovery was essentially complete." Edwards also testified that liability to the defendants was "locked in" and that he had offered $225,000 to settle the case.

[¶ 12] The trial court concluded that Howard & Bowie was "entitled to recovery in this case under the theory of unjust enrichment" based on its findings that Howard & Bowie had undertaken significant discovery and that "Mr. Howard did a reasonably competent job in preparing the case for trial." In determining the amount of the recovery, the court first found that Cloutier & Briggs had been unjustly enriched by $1916.10, the amount of out-of-pocket costs incurred by Howard & Bowie in representing the Collinses. The court then reasoned that although Howard & Bowie had "undertaken all the pretrial preparation," it had also been "relieved of the duties of organizing and prosecuting a trial and the risk of an unsuccessful result." Accordingly, the court determined that Howard & Bowie was entitled to 50% of the contingent fee it would have earned if the Collinses had chosen to accept the settlement offer of $225,000 that had been received prior to Howard & Bowie's discharge.[1] This appeal and cross-appeal followed.

## I.

[¶ 13] We agree with Cloutier & Briggs's contention that Howard & Bowie is not entitled to recover on its unjust enrichment claim. To establish a claim for unjust enrichment, a party must prove (1) that it conferred a benefit on the other party; (2) that the other party had "appre-

ciation or knowledge of the benefit;" and (3) that the "acceptance or retention of the benefit was under such circumstances as to make it inequitable for it to retain the benefit without payment of its value." *See June Roberts Agency v. Venture Properties,* 676 A.2d 46, 49 (Me.1996). The trial court's factual findings on these elements are reviewed for clear error. *See Aladdin Elec. Assocs. v. Town of Old Orchard Beach,* 645 A.2d 1142, 1144 (Me.1994).

[¶ 14] "[T]he most significant element of the doctrine [of unjust enrichment] is whether the enrichment of the defendant is *unjust.*" *Styer v. Hugo,* 422 Pa.Super. 262, 619 A.2d 347, 350 (1993). A successor attorney will almost always retain some benefit from the work of the predecessor attorney. Retention of that benefit, however, will rarely be unjust because the predecessor attorney can and should protect his or her right to be compensated by the client. *Id.* at 350. Although we need not decide under what circumstances retention of the benefit by the successor attorney may be unjust, *see, e.g., Galanis v. Lyons & Truitt,* 715 N.E.2d 858, 863 (Ind.1999) (holding that where a successor attorney fails to inform the client of the client's duty to pay the predecessor attorney, "the successor assumes the obligation to pay the first lawyer's fee out of his or her contingent fee"), no such circumstances exist here.

[¶ 15] There is no evidence that Cloutier & Briggs did anything to interfere with the Collinses' relationship with Howard & Bowie. To the contrary, Attorney Briggs initially advised the Collinses to work out their differences with Howard & Bowie, and Cloutier & Briggs refused to represent the Collinses until they attempted to reconcile with Howard & Bowie. Moreover, Cloutier & Briggs informed the Collinses of their potential liability to Howard & Bowie and also agreed to indemnify the Collinses in any action by Howard & Bowie for attorney fees. Finally, Howard

---

1. The court entered judgment for Howard & Bowie in the amount of $39,416.10.

& Bowie had ample opportunity to secure a share of the fee in the action it filed against the Collinses and later voluntarily dismissed. In the circumstances of this case, unjust enrichment does not entitle Howard & Bowie to recover from Cloutier & Briggs.

## II.

[¶ 16] Howard & Bowie also contends that it is entitled to recover from Cloutier & Briggs in quantum meruit, and it advances two theories to support such a recovery. First, Howard & Bowie asserts the firm's right to recover directly from Cloutier & Briggs. Second, Howard & Bowie asserts the firm's right to recover by standing in the shoes of the Collinses and enforcing the terms of the indemnity agreement. It contends that the trial court erred in implicitly rejecting those claims. We disagree.

[¶ 17] "A valid claim in *quantum meruit* requires: 'that (1) services were rendered to the defendant by the plaintiff; (2) with the knowledge and consent of the defendant; and (3) under circumstances that make it reasonable for the plaintiff to

expect payment.'" *Paffhausen v. Balano,* 1998 ME 47, ¶ 8, 708 A.2d 269, 271 (quoting *Bowden v. Grindle,* 651 A.2d 347, 351 (Me.1994)). Quantum meruit recovery rests on a contract that is "'inferred from the conduct of the parties.'" *See id.* ¶ 6, 708 A.2d at 271 (quoting *United States ex rel. Modern Elec., Inc. v. Ideal Electronic Sec. Co.,* 81 F.3d 240, 246 (D.C.Cir.1996)). Consequently, a party claiming the existence of an implied contract must demonstrate "a reasonable expectation ... to receive compensation for [its] services and a 'concurrent intention' of the other party to compensate [it]." *See id.* ¶ 9, 708 A.2d at 272 (quoting *Estate of White,* 521 A.2d 1180, 1183 (Me.1987)).

[¶ 18] Howard & Bowie performed its legal services for the Collinses before Cloutier & Briggs became involved in the case, so it could have had no reasonable expectation that Cloutier & Briggs would compensate the firm for those services. Likewise, Cloutier & Briggs could have had no concurrent intention to compensate Howard & Bowie for those services. Accordingly, Howard & Bowie is not entitled to quantum meruit recovery directly from Cloutier & Briggs.[2]

2. Howard & Bowie mistakenly relies on *Galanis v. Lyons & Truitt,* 715 N.E.2d 858 (Ind. 1999) to support its argument that it is entitled to recover directly from Cloutier & Briggs in quantum meruit. In *Galanis,* the court allowed a predecessor attorney to recover directly from a successor attorney. *See id.* at 864. In its opinion, the court used the terms quantum meruit and unjust enrichment to describe the legal theory on which it relied. A reading of the opinion, however, reveals that the court articulated a legal standard that, in Maine, sounds only in unjust enrichment.

Though other jurisdictions have not always carefully defined the difference between unjust enrichment and quantum meruit, *see* Candace S. Kovacic, *A Proposal to Simplify Quantum Meruit Litigation,* 35 Am. U.L.Rev. 547, 553–62 (1986) (surveying numerous jurisdictions and noting that the definition of each term can have different meanings in different jurisdictions and that the terms are often used interchangeably), we have attempted to identify those differences and their prac-

tical effects, *see Paffhausen v. Balano,* 1998 ME 47, ¶ 6, 708 A.2d at 271; *see also A.F.A.B., Inc. v. Town of Old Orchard Beach,* 639 A.2d 103, 105 n. 3 (Me.1994); *Danforth v. Ruotolo,* 650 A.2d 1334, 1335 (Me.1994). Quantum meruit recovery under Maine law requires that the parties have a concurrent expectation that the services were being rendered in exchange for compensation. *See Paffhausen v. Balano,* 1998 ME 47, ¶ 9, 708 A.2d at 272. In *Galanis,* however, the court did not impose such a requirement. Moreover, the *Galanis* court concluded that the measure of recovery in the case was "the value conferred on the client, not the effort expended by the lawyer." *See Galanis v. Lyons & Truitt,* 715 N.E.2d at 862. In Maine, it is unjust enrichment recovery that is calculated by "the value of the benefit retained." *See Paffhausen v. Balano,* 1998 ME 47, ¶ 6, 708 A.2d at 271. Quantum meruit recovery, on the other hand, focuses on "the value of the services provided by the plaintiff." *See id.* ¶ 7, 708 A.2d at 271. Accordingly, under Maine law, *Galanis* provides little support for allowing a predecessor attorney to recover

[¶ 19] Moreover, contrary to the additional contention of Howard & Bowie, the rights assigned to it by the Collinses do not permit Howard & Bowie to assert a quantum meruit claim directly against Cloutier & Briggs. Howard & Bowie's argument misconceives the nature of those rights.[3]

[¶ 20] Howard & Bowie brought a quantum meruit claim against the Collinses in CV–93–46, one of the cases consolidated in the present action. Before trial, however, the parties agreed to settle the case, and pursuant to that agreement, Howard & Bowie obtained from the Collinses the Collinses' right to have Cloutier & Briggs indemnify them for "all attorneys fees owed or claimed to be owed" to Howard & Bowie. The agreement, however, does not establish any liability for attorney fees and does not require the Collinses to pay anything to Howard & Bowie. Indeed, pursuant to the agreement, Howard & Bowie's claim for attorney fees against the Collinses was dismissed without prejudice.

[¶ 21] The assignment, rather than giving Howard & Bowie the right to bring its quantum meruit claim directly against Cloutier & Briggs, merely allows Howard & Bowie to enforce the terms of the indemnity agreement. Howard & Bowie, however, cannot recover pursuant to the indemnity agreement because "[t]here must be proof of damage actually suffered . . . to enable one to maintain an action upon a contract of indemnity." *Hussey v. Collins*, 30 Me. 190, 192 (1849) (holding that even where judgment had been rendered against the indemnitees, the indemnitees could not recover from the indemnitor without proof that the indemnitees had actually "paid any thing on account of that suit"); *see also Peerless Div., Lear Siegler, Inc. v. United States Special Hydraulic Cylinders Corp.*, 1999 ME 189, ¶ 14, 742 A.2d 906, 910 (determining that

Arkansas law, which requires that "'[t]here must be loss, not merely liability, before indemnity is due,'" reflects "settled indemnification law") (quoting *Larson Machine, Inc. v. Wallace*, 268 Ark. 192, 600 S.W.2d 1, 13 (1980)).

[¶ 22] There is no evidence that the Collinses suffered any actual loss. There has been no allegation that Cloutier & Briggs failed to provide for the Collinses' defense in their case against Howard & Bowie, nor have the Collinses paid any money to Howard & Bowie on its claim for attorney fees. Accordingly, Howard & Bowie is not entitled to recover from Cloutier & Briggs by virtue of its status as assignee of the Collinses' right to indemnity.

[¶ 23] Because we conclude that Howard & Bowie is not entitled to any recovery, we do not address the arguments raised in the cross appeal with respect to the amount the court awarded to Howard & Bowie.

The entry is:

Judgment vacated. Remanded to the Superior Court for entry of a judgment in favor of Cloutier & Briggs.

---

directly from a successor attorney in quantum meruit.

3. Because neither party questions the scope or enforceability of the oral indemnity agreement, we do not address those issues on appeal.