STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-01-412

Apr 26 8 53 AM '02   ACC -CUM-4/26/2002

HANCOCK LUMBER,
COMPANY,

Plaintiff

v.

ORDER ON PLAINTIFF'S
MOTION FOR PARTIAL
SUMMARY JUDGMENT AND
DEFENDANT DAVID ENG'S
CROSS MOTION FOR
SUMMARY JUDGMENT

DAVID ENG, d/b/a ENG
CONSTRUCTION and ENG
CONSTRUCTION, INC.,

DONALD L. GARBRECHT
LAW LIBRARY

Defendants

MAY 8 2002

The plaintiff, Hancock Lumber, Co. ("Hancock"), filed a motion for summary judgment as to Counts IV (breach of contract), V (violation of the Construction Contracts Act), and VI (unjust enrichment) of its complaint.[1] The defendant, David Eng ("Eng"), filed a cross motion for summary judgment as to his personal liability. Upon review of the motions, opposition, and the applicable law, both defendant Eng's cross motion for summary judgment as to his personal liability, and the plaintiff's partial motion for summary judgment will be denied.

---

1 Although the plaintiff has indicated in its motion generally that it seeks summary judgment as to Counts IV, V, and VI, the plaintiff directs its arguments only toward the liability of Defendant Eng Construction, Inc. See Plaintiff's Motion for Summary Judgment p. 3 ("Hancock is entitled to summary judgment . . . in its Complaint against Defendant Eng Construction"); p. 4 ("The *Defendant* materially breached its contract with Hancock"); p. 5 ("payment is due from Eng Construction"); p. 5 ("Defendant Eng Construction has been unjustly enriched").

## BACKGROUND

Eng Construction, Inc. and Nancy Hanson ("Hanson") entered into a contract for the construction of Hanson's house. Defendants' Additional Statement of Material Fact (DASMF) ¶ 4; Plaintiff's Response to the Additional Statement of Material Fact (PRASMF) ¶ 4. Hancock contracted with Hanson to supply cabinets for the kitchen and bathrooms of Hanson's home. Plaintiff's Statement of Material Fact (PSMF) ¶ 3; Defendants' Opposing Statement of Material Fact (DOSMF) ¶ 3. "Eng Construction" was listed as the purchaser's agent on the contract. DOSMF ¶ 4; Exhibit C to PSMF, Sales Agreement. The materials were shipped to Hanson, and "Eng Construction" was billed for the materials. DOSMF ¶ 5; Exhibit D to PSMF, Hancock Invoice. Defendant Eng Construction, Inc. then billed Hanson for the materials at a mark up. PSMF ¶ 5. Hanson paid Eng Construction, Inc. for the supplied materials. PSMF ¶ 6; DOSMF ¶ 6. Eng Construction, Inc. and David Eng failed to pay the money to Hancock, despite a demand for payment. PSMF ¶ 7; DOSMF ¶ 7. Hanson assigned (to Hancock) her rights against Eng Construction, Inc. related to Eng Construction, Inc.'s retention of funds intended for Hancock. PSMF ¶ 8; DOSMF ¶ 8. Hancock asserts the following claims against David Eng and Eng Construction, Inc.: equitable accounting (Count I); constructive trust (Count II); conversion (Count III); breach of contract (Count IV); violation of the Construction Contracts Act (Count V); unjust enrichment (Count VI); fraud perpetrated by the defendants against Hancock (Count VII); and fraud perpetrated by the defendants against Hanson (Count VIII).

2

David Eng was not listed on either the contract between Hancock (Atlantic Kitchens) and Hanson, or on the contract between Eng Construction, Inc. and Hanson. DASMF ¶¶ 1, 4; PRASMF ¶¶ 1, 4.

## DISCUSSION

Summary judgment is appropriate if the record reflects that there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. M. R. Civ. P. 56(c); <u>Saucier v. State Tax Assessor</u>, 2000 ME 8, ¶ 4, 745 A.2d 972, 974. "A genuine issue of material fact is present only when 'there is sufficient evidence supporting the claimed factual dispute to require a choice between the parties' differing versions of the truth at trial.'" <u>Francis v. Stinson</u>, 2000 ME 173, ¶ 37, 760 A.2d 209, 217, <u>quoting</u>, <u>Prescott v. State Tax Assessor</u>, 1998 ME 250, ¶ 5, 721 A.2d 169, 171-72.

I.    Breach of Contract

The existence of a contract is a question of fact. <u>Forrest Associates v. Passamaquoddy Tribe</u>, 2000 ME 195, ¶ 9, 760 A.2d 1041, 1044. The existence of a contract may be implied from conduct. <u>Stanton v. University of Maine System</u>, 2001 ME 96, ¶ 12, 773 A.2d 1045, 1050. Where testimony as to the terms and nature of an oral contract are conflicting, "it is for the trier of fact to ascertain and determine the nature and extent of the obligation and rights of the parties." <u>Maine Surgical Supply Co. v. Intermedics Orthopedics, Inc.</u>, 756 F.Supp. 597, 603 (D. Me. 1991), <u>quoting</u> <u>Carter v. Beck</u>, 366 A.2d 520, 522 (Me. 1976).

3

The written contract for the sale of cabinets identifies the contracting parties as Hanson and Hancock, references "Eng Construction" only as the "Purchaser's Agent," and does not contain a signature on behalf of David Eng or Eng Construction, Inc. Hancock does not assert that there was an oral offer and acceptance. Hancock has not asserted that Eng Construction, Inc. is liable on the written contract by virtue of its "agent" relationship with Hanson. Hancock asserts that a contract existed, relying on the facts that "Eng Construction" was invoiced by Hancock, Eng Construction, Inc. billed Hanson and collected money from Hanson designated for payment to Hancock, and that the amount invoiced to "Eng Construction" was at the discounted contractor's rate.[2] Although these facts are consistent with Eng Construction, Inc. and Hancock having a contractual relationship, the facts do not compel a determination that there was a contractual relationship between Eng Construction, Inc. and Hancock. That is, a reasonable trier of fact could conclude that Eng Construction, Inc. was merely acting as Hanson's agent - "Eng Construction" was identified as Hanson's agent on the contract executed by Hanson and Hancock; Eng denies that he personally or Eng Construction, Inc. was ever a party to the contract between Hanson and Hancock (DSMF ¶ 4); the materials were shipped directly to Hanson's home (DSMF ¶ 5); and Eng Construction, Inc. was merely a collecting agent (DSMF ¶ 11).

---

[2] Although Hancock asserts that "*Eng* then invoiced Hanson for the materials and was paid for them," the factual statements support only that Eng Construction, Inc. invoiced Hanson and that Eng Construction, Inc. was paid by Hanson. See Exhibits E and F to PSMF (emphasis supplied).

4

Hancock points out that "Eng Construction" was invoiced for the supplies, and that "Eng Construction" was identified as the purchaser's agent on the sales agreement between Hancock and Hanson. While this is some evidence that David Eng's sole proprietorship was a party to an agreement, it is not conclusive of the existence of a contract between David Eng and Hancock. A reasonable trier of fact could conclude that "Eng Construction" was acting as an agent of Hanson, or that the paperwork misidentified the defendant Eng Construction, Inc. as "Eng Construction." Therefore, Hancock has not put forth sufficient properly supported evidence of a contract between David Eng and Hancock.

There remains a genuine issue of material fact as to whether a contractual relationship existed between Hancock and either Eng Construction, Inc. or David Eng, which is a necessary predicate to a breach of contract claim. Accordingly, Hancock is not entitled to summary judgment as to its claim of breach of contract.

II.     Construction Contracts Act (Prompt Payment Act)

Under the Prompt Payment Act, 10 M.R.S.A. § 1114(3):

> Notwithstanding any contrary agreement, when a . . . material supplier has performed in accordance with the provisions of a contract, a contractor shall pay to the . . . material supplier, . . . the full or proportional amount received for . . . materials based on work completed or service provided under the subcontract, 7 days after receipt of each progress or final payment or 7 days after receipt of the . . . material supplier's invoice, whichever is later.

In this case, Hancock purports to be the material supplier, which is defined as "any person or entity that has furnished or contracted to furnish materials or supplies in connection with a construction contract." 10 M.R.S.A. § 1111(5). "Because the

5

remedies provided by the prompt payment provisions are intended to augment damages that are traditionally available for contract or quantum meruit claims, it is not sufficient for the party seeking penalties to prove that [materials were provided] and that an outstanding balance exists." Jenkins, Inc. v. Walsh Brothers, Inc., 2001 ME 98, ¶ 24, 776 A.2d 1229, 1237. Rather, the material supplier must prove that (1) the materials were supplied in accordance with an agreement or the understanding of the parties; (2) the owner has made the progress or final payment; (3) the material supplier has invoiced the materials; and (4) "the contractor failed to make payment within seven days after receipt of the invoice, or after receipt of the progress or final payment from the owner, whichever is later." Id.[3]

Here, Hancock is a material supplier because it furnished materials in connection with a construction contract. Hancock delivered the materials in accordance with the provisions of the contract between Hancock and Hanson. DOSMF ¶ 5. Hanson made payment of funds which she identified as including money owed under the Hancock invoice. PSMF ¶ 6; DOSMF ¶ 6. Hancock invoiced the materials to "Eng Construction." DOSMF ¶ 5. Neither David Eng nor Eng Construction, Inc. paid Hancock. PSMF ¶ 7; DOSMF ¶ 7. As set forth in the previous section, Hancock has failed to establish which defendant, if any, had the underlying obligation to pay for the supplied materials. Therefore, whether the proper party has been invoiced is, as yet, unclear. Accordingly, Hancock is not

---

[3] Eng Construction, Inc. does not assert that it is entitled to withhold the amount paid by Hanson for materials because of a good faith claim against Hancock, 11 M.R.S.A. § 118(1), but rather because it has a good faith claim against Hanson.

entitled to summary judgment under 11 M.R.S.A. § 1114(3).

## III. Unjust Enrichment

"To establish a claim for unjust enrichment, a party must prove (1) that it conferred a benefit on the other party; (2) that the other party had 'appreciation or knowledge of the benefit;' and (3) that the 'acceptance or retention of the benefit was under such circumstances as to make it inequitable for it to retain the benefit without payment of its value.'" Howard & Bowie v. Collins, 2000 ME 148, ¶ 13, 759 A.2d 707, 710, quoting June Roberts Agency v. Venture Properties, 676 A.2d 46, 49 (Me. 1996).

The benefit conferred by Hancock is the ability to invoice Hanson and collect the money owed to Hancock so that Eng Construction, Inc. or David Eng could receive the profit margin on the mark up. DOSMF ¶ 5. Either Eng Construction, Inc. or David Eng should have been aware that it or he was then obligated to Hancock to pay that portion of Hanson's payment constituting the contractor's discount price. DOSMF ¶¶ 5-7.

Eng Construction, Inc. argues that Hancock released Hanson from her obligations under their contract, and that Eng Construction, Inc. was also relieved of its duties in relation to the contract. However, as Eng Construction, Inc. points out, it was not a party to that agreement, and if its argument is accepted by the court, Eng Construction, Inc.'s obligations did not arise out of that contract.

Either Eng Construction, Inc. or David Eng reaped an independent benefit from Hancock that is not solely derived from its or his status as Hanson's agent.

7

This benefit put either Eng Construction, Inc. or David Eng under some obligation to act - to pay the contractor's price to Hancock when either Eng Construction, Inc. or David Eng was paid by Hanson. Therein lies the problem. That is, it is unclear whether the benefit was conferred to, and the obligation arose against, Eng Construction, Inc. or David Eng. Accordingly, by virtue of the fact that the claim of unjust enrichment is asserted against David Eng and Eng Construction, Inc., Hancock is not entitled to summary judgment as to its claim of unjust enrichment.

IV. David Eng's Motion for Summary Judgment as to his Personal Liability

David Eng asserts that he is entitled to summary judgment as to his personal liability because there is nothing to personally link him to the transactions. Specifically, David Eng notes that he was not a party to either of the underlying contracts - the contract between Atlantic Kitchens (Hancock) and Hanson for the purchase of cabinets, or the building contract between Eng Construction, Inc. and Hanson; David Eng was not invoiced for the cabinets; and David Eng was not paid for the cabinets. DASMF ¶¶ 1, 4, 5; PSMF ¶ 7.

Hancock has provided evidence that Hancock considered that it was dealing with David Eng or one of his sole proprietorships. Plaintiff's Responsive Statement of Material Facts (PRSMF) ¶ 8. Mr. Eng only has a personal credit account with Hancock, not a corporate one. PRSMF ¶ 4; Defendants' Reply Statement of Material Facts (DRSMF) ¶ 4. Hancock issued its invoice to "Eng Construction" (which without the "Inc." could be one of Eng's sole proprietorships), but issued many invoices associated with the Hanson job to David Eng. PRSMF ¶ 8; Plaintiff's

8

Exhibit D. Mr. Eng personally requested that he receive the contractor's discount. PRSMF ¶ 9; Nikki Calden (Vice President of Hancock) Aff. ¶ 6. Hancock would not give the contractor's discount to an individual or corporation that was not purchasing the materials from Hancock. PRSMF ¶ 10.

The plaintiff has raised an issue of fact as to the extent of the involvement of David Eng. Because there is no written contract between either Eng Construction, Inc. or David Eng and Hancock, the issue is not easily reducible to a question of piercing the corporate veil. If the contract is to be implied from surrounding circumstances, the extent of David Eng's personal involvement, and therefore liability, is an open question. Accordingly, David Eng is not entitled to summary judgment as to his personal liability.

The entry is

Plaintiff's motion for summary judgment as to Counts IV (breach of contract), V (violation of the Construction Contracts Act), and VI (unjust enrichment) is DENIED; and

Defendant David Eng's motion for summary judgment as to his personal liability is DENIED.


Dated at Portland, Maine this 24nd day of April 2002.

Robert E. Crowley
Justice, Superior Court

Date Filed __07-24-01__     __Cumberland__          Docket No. ___CV-01-412___
                                County

Action __Contract__

Hancock Lumber Company, Inc.              David Eng, d/b/a Eng Construction Inc.
                                          and Eng Construction Co. Inc.


                                    vs.

Plaintiff's Attorney  Arnold Macdonald, Esq.    Defendant's Attorney
  Michael R. Bosse, Esq.                        TIMOTHY NORTON ESQ
  P.O. BOx 9729                                 53 Exchange St. PO BOX 597
  Portland, Maine 04104-5029                    PM  04112-0597    774-1200
  774-1200

| Date of Entry | |
|---|---|
| 2001 | |
| July 25 | Received 07-24-01<br>Summary Sheet filed.<br>Complaint with Exhibit's A - C filed. |
| Aug. 8 | Received 08/08/01:<br>Acceptance of Service of Summons and Complaint on Eng Construction, Inc. on Aug. 2, 2001 to Timothy Norton, Esq. |
| "    " | Acceptance of Service of Summons and Complaint on David Eng on Aug. 2, 2001 to Timothy Norton, Esq. |
| Aug. 8 | Received 08/08/01:<br>Plaintiff's Motion to Amend complaint with incorporated Memorandum of Law and Exhibits A - D filed. |
| Aug. 20 | Received 08-20-01:<br>Defendants' Answer and Affirmative Defenses filed. |
| Aug. 29 | Received 8-28-01.<br>Scheduling Order, filed. (Crowley, J.)<br>    Scheduling Order filed.  Discovery deadline is April 29, 2002.<br>Copies mailed Arnold Macdonald, Esq., Michael Bosse, Esq. and Timothy Norton, Esq. on 8-29-01. |
| Sept. 10 | Receied 9-6-01.<br>Order on Motion to Amend Complaint filed. (Crowley, J.)<br>    This Court hereby GRANTS said Motion and the Amended Complaint is deemed filed as of this date.<br>Copies mailed Arnold MacDonald, Esq., Michael Bosse, Esq. and Timothy Norton, Esq. on 9-10-01. |
| Nov 8 | Received 11-8-01:<br>Letter from Michael Bosse, Esq withdrawing the Request for Default in this matter, filed. |