STATE OF MAINE

YORK, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-01-165

ALEXANDER DAVID MANN,

Plaintiff

**JUDGMENT, ORDER
AND DECISION**

v.

(TITLE TO REAL ESTATE AFFECTED)

ELMER E. LEWIS, et al.,

Defendants

DONALD L. GARBRECHT
LAW LIBRARY

NOV 21 2002

1. THE PARTIES

    The plaintiff is Alexander David Mann of Kittery, Maine who was represented

    by Attorney Patrick Bedard of Eliot, Maine.

    The defendants are Elmer Lewis of Kittery, Maine and Priscilla and Galen Gavel

    of New Durham, New Hampshire. They were represented by Attorney Robert

    Nadeau of Wells, Maine.

2. DOCKET NUMBER

    The docket number is CV-01-165.

3. NOTICE – All parties have received notice of the proceedings in accordance with

    the applicable provisions of the Maine Rules of Civil Procedure.

4. DESCRIPTION OF THE REAL ESTATE – This suit is primarily concerned with a

    request that specific performance of alleged contracts for the sale of real estate be

    ordered. The claimed contracts are from July 20, 1999 and January 10, 2001 and

    involved real estate on or near Haley Road in Kittery which is described at Book

    9762, Page 77 in a quitclaim deed of July 29, 1999 from Pauline Grover, Elmer

Lewis and Priscilla Gavel to Elmer Lewis and Priscilla Gavel, excepting property conveyed to Christopher Stevens and Mary Gibbons by warranty deed of June 21, 2000 which is recorded at Book 10085, Page 241, and in a separate deed from Pauline Grover, as personal representative, to Priscilla Gavel of October 21, 1995 recorded at Book 7603, Page 116.

The plaintiff has brought a seven count complaint concerning proposed land transactions that were never completed. Count I seeks specific performance of a claimed July 20, 1999 contract while Count II seeks specific performance of a claimed January 19, 2001 agreement. Counts III and IV are for breach of contract for the 1999 and 2001 transactions while Counts V and VI are claims based on a theory of implied contracts. Lastly, Count VII is for unjust enrichment for work done by the plaintiff for land clearing, road building, survey work, and the installation of utilities. An answer and counterclaim based on slander of title were filed. A hearing has been held.

The plaintiff is a real estate developer and builder while the defendants are the owners, in various ways, of relatively large adjoining parcels of undeveloped real estate. Mr. Mann had contact with the defendants primarily through the defendant Mr. Lewis. The transactions in this case were put together without the benefit of lawyers, were often not signed by all necessary parties, were often vague, were frequently modified or delayed, and lack many useful details. A central question is whether an actual agreement was ever reached.

The first of the two alleged contracts is the July 20, 1999 agreement to purchase supposedly between the plaintiff and Elmer Lewis and Priscilla Gavel. This document was never signed by Ms. Gavel and was modified as time passed. While construction did begin and one house was built and sold, I cannot determine what was actually

agreed to once the modifications were made. There was an evolving relationship rather than a contract. In addition, one of the sellers never signed the agreement to purchase.

The second alleged agreement is from January 19, 2001 between A. David Mann and Galen and Priscilla Gavel. This agreement also fails as the required planning board approval was never obtained and as the provision that "Legal papers will be drawn up to reflect this agreement" was never complied with by either side. The parties in both instances came close to reaching an enforceable agreement but their inexpensive, trusting, loose way of doing business, while understandable and even admirable in some situations, produced this litigation when those informal relationships proved inadequate.

The next issue is whether the defendants Elmer Lewis and Priscilla Gavel owe anything to the plaintiff for the work he did in surveying, land clearing, installing utilities and building a road as part of the first transaction and the sale of a house. The claim is that a portion of that work benefits the remaining land of the defendants and that they would be unjustly enriched if they did not pay something. The plaintiff has met all of the requirements for making a claim for unjust enrichment. See *Howard & Bowie, P.A. v. Collins*, 2000 ME 148 ¶13, 759 A.2d 707, 710. Placing a value on the claim is more difficult.

The proper measure of damages is "the value of the benefits that the plaintiff proves are actually received and retained by the defendant." See *A.F.A.B., Inc. v. Town of Old Orchard Beach*, 639 A.2d 103, 106 (Me. 1994). Here the evidence from Mr. Mann focused on his costs not the value of the benefits. Among those costs, see plaintiff's exhibit 27, were some that were withdrawn, some that had little documentation to support them, and some that, if costs were the measure of damages, would be disallowed. Mr. Lewis on cross-examination agreed, however, that some of the costs

3

should be paid as those costs benefited one or more of the defendants. Given the status of the record the plaintiff will be awarded $4,000 on his claim for unjust enrichment. The plaintiff shall also recover any down payments or other payments made to any of the defendants relating to the January 2001 "agreement".

The defendants have brought a counterclaim for slander of title. See Raymond v. Lyden, 728 A.2d 124, 126, n. 6 (Me. 1999). That claim does not appear to have been pursued, but would fail as statements made in these court proceedings are privileged and as the statements by the plaintiff regarding the defendants' title to land were hardly made with malice or with reckless disregard of their falsity.

The entry is:

Judgment for the defendants on Counts I – VI of the complaint. Judgment for the plaintiff against the defendants Elmer Lewis and Priscilla Gavel for $4,000.00, interest and costs on Count VII of the complaint. Judgment for the plaintiff on the counterclaim. The defendants shall be responsible for recording an attested copy of this judgment and paying the appropriate recording fees.

Dated:         November 13, 2002

Paul A. Fritzsche
Justice, Superior Court

The applicable appeal period has expired without action or final judgment has been entered after remand following appeal.

_____          _____
         Date                          Clerk, Superior Court

PLAINTIFF:                      DEFENDANTS:
Patrick S. Bedard, Esq.         Robert M.A. Nadeau, Esq.
P.O. Box 366                    NADEAU & MCGARRY P.A.
Eliot ME   03903                Four Oaks Professional Park
                                1332 Post Rd, Suite 4
                                Wells ME   04090

4