STATE OF MAINE                                            SUPERIOR COURT
                                                             CIVIL ACTION
YORK, ss.                                          DOCKET NO. RE-00-008

                                                   *PAF - YOR - 6/27 ...*

BAY VIEW BANK, N.A.,

                Plaintiff

                                                         ORDER
        v.                                                AND
                                                        DECISION

                                          DONALD L. GARBRECHT
THE HIGHLAND GOLF MORTGAGEES                       LAW LIBRARY
REALTY TRUST,

                                                       AUG 7 2003
                Defendant


        The history of this case is set out in the Law Court opinion of December 31, 2002.

See 2002 ME 178. That opinion resolved much of the case but left several separate

claims to be determined by the Superior Court. A non-jury hearing has been held on

the counterclaim of party-in-interest Advantage Tennis, Inc. against Bay View Bank for

unjust enrichment to recover the costs related to the installation of two tennis courts at a

proposed golf course in York where Bay View held a mortgage.

        The developer of the planned golf course, the now deceased Kenneth Giles,

contracted with Advantage Tennis to construct the tennis courts. Advantage did the

requested work skillfully and timely but was never paid when Kenneth Giles forged the

signature of the president of Advantage on a lien waiver, made other promises

regarding payment and died without making good on the promises.

        The requirements for a claim of unjust enrichment are set forth in *Howard &*

*Bowie, P.A. v. Collins*, 2000 ME 148, ¶13, 759 A.2d 707, 710 quoting from *June Roberts*

*Agency v. Venture Properties*, 676 A.2d 46, 49 (Me. 1996).

I am satisfied that Advantage Tennis conferred a benefit on the developer and on the mortgage holder. The property is more valuable with two well-built tennis courts than without. How much more valuable is uncertain.

Bay View was aware of, and "had appreciation or knowledge" of the benefit. The loan was structured so that funds were to be set aside to pay Advantage Tennis. This did not occur when Kenneth Giles lied and committed fraud by claiming that he had paid Advantage directly and forging a lien waiver. Bay View clearly knew that the courts were to be built, and made provisions for them.

The last question is whether the "acceptance or retention of the benefit (of the tennis courts) was under such circumstances as to make it inequitable for it (Bay View) to retain the benefit without payment of its value." While there is a serious question regarding the value of the tennis courts as part of a foreclosure sale of a failed golf course development the determination of value is not the key issue.

Advantage Tennis is essentially an unsecured creditor which, at least in this proceeding, does not have a mechanic's lien claim. Bay View had a first priority position. Numerous contractors or suppliers could and do provide value and benefit in failed projects. They have a variety of ways in which they can assure payment or at least reduce the risk of non-payment. It would be unjust to place an essentially unsecured creditor without a valid mechanic's lien ahead of a first priority secured creditor on the basis of a claim of unjust enrichment. Such a decision would undue normal expectations among lenders, developers, contractors and vendors.

Advantage could have required some cash in advance or some cash before completion. It might have obtained a higher priority mortgage. It had its remedies through a mechanic's lien. Unjust enrichment is not a tool that can be used here to remedy the fact that Advantage was cheated by Kenneth Giles.

While it is not determinative it has also been represented that the property was just auctioned at a price that will not make Bay View whole. A successful claim for unjust enrichment would add to the deficiency that already exists. It is unfortunate that Advantage did not get paid for work well done. Its claim for unjust enrichment, however, must fail.

The entry is:

Judgment for the plaintiff on the counterclaim for unjust enrichment of party-in-interest Advantage Tennis, Inc.

Dated: June 27, 2003

Paul A. Fritzsche
Justice, Superior Court

PLAINTIFF:
S. James Levis, Jr., Esq.
Levis & Hull
Park One Eleven
409 Alfred Street
Biddeford ME  04005

PARTY-IN-INTEREST:
Gary H. Reiner, Esq.
Reiner & Bouffard
PO Box 159
Kittery ME  03904-0159