## WILLIAM MUSHERO, INC.

### v.

### Audrey L. HULL.

Supreme Judicial Court of Maine.

Submitted on Briefs Sept. 7, 1995.

Decided Nov. 30, 1995.

---

854

Karen JM Mitchell, Shiro & Shiro, Waterville, for Plaintiff.

J. William Batten, Daviau, Jabar & Batten, Waterville, for Defendants.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, DANA, and LIPEZ, JJ.

DANA, Justice.

William Mushero, Inc. appeals from a judgment entered in the Superior Court (Kennebec County, *Alexander, J.*) affirming a judgment entered in the District Court (Waterville, *French, J.*) awarding it $11,500 for its performance of an oral contract in violation of the Home Construction Contracts Act, 10 M.R.S.A. §§ 1486–1490 (Supp.1994), and awarding the homeowner, Audrey Hull, damages in the amount of $3,540, attorney fees in the amount of $2,388, and costs. We affirm the judgment.

In 1992 Mushero orally agreed to build Hull a concrete foundation for a home. At the trial Hull maintained that the price of $21,500 was to be all inclusive and claimed that an important term of the agreement was that the top of the foundation was to be above the level of a nearby road. After Mushero completed its work, the foundation was at road level. Hull hired another contractor to lower that portion of the road that passed in front of her property, ultimately leaving her with a foundation above road level. The cost of lowering the level of the road was $3,540. Mushero maintained that the $21,500 was a base price and that he was owed, in addition to the balance due of $11,500, $1,732 for "extra" fill and landscape

work. Mushero denied ever being told about the height requirement.

■ Mushero first challenges the amount of its recovery. The building of a foundation is a home construction contract within the meaning of the Home Construction Contracts Act. *See Parker v. Ayre*, 612 A.2d 1283, 1284 (Me.1992). Because the agreement was oral and in excess of $1,400, it violated the Act.[1] The trial court, however, allowed recovery on a theory of quasi-contract. For a party to succeed on a theory of quasi-contract it must show that "(1) services were rendered to the defendant by the plaintiff; (2) with the knowledge and consent of the defendant; and (3) under circumstances that make it reasonable for the plaintiff to expect payment." *Bowden v. Grindle*, 651 A.2d 347, 351 (Me.1994). The measure of recovery is equal to the reasonable value of the services. *See Aladdin Elec. Assoc. v. Town of Old Orchard Beach*, 645 A.2d 1142, 1145 (Me.1994). The trial court's finding that the "contract" price was the reasonable value of the services rendered was not clearly erroneous.

■ Mushero challenges the award of damages to Hull. A violation of the Home Construction Contracts Act is prima facie evidence of a violation of the Maine Unfair Trade Practices Act, 5 M.R.S.A. § 205–A to § 214 (1989 & Supp.1994) (UTPA). *See* 10 M.R.S.A. § 1490. In order to recover damages for a violation of the UTPA the homeowner must show a loss of money or property that results from the violation. 5 M.R.S.A. § 213. The amount Hull paid to lower the level of the road could be considered damages resulting from Mushero's vio-lation of the UTPA, i.e. its failure to reduce the contract to a writing. Because the trial court awarded damages we assume that it found the height requirement to be a part of the agreement.[2] This finding is not clearly erroneous because there is evidence in the record to support such a finding; namely, Hull's testimony. Hull had to have the level of the road lowered because it was the least expensive way to fulfill her original wishes regarding the relative height of the foundation and the road.

■ Mushero also argues that because the trial court did not apportion the award of attorney fees to represent only that amount of work dedicated to the UTPA claim, it should be vacated. An award of attorney fees is reviewed for an abuse of discretion. *Poussard v. Commercial Credit Plan*, 479 A.2d 881, 884 (Me.1984). Mushero is correct in its contention that an award of attorney fees pursuant to the UTPA is recoverable only to the extent that it is earned pursuing a UTPA claim. *Beaulieu v. Dorsey*, 562 A.2d 678, 679 (Me.1989). Hull stipulated that there was no disagreement with respect to the $21,500 "contract price." A written contract would have set forth whether it was "all inclusive" and whether the relative height of the foundation was a central term. The trial court did not abuse its discretion in determining that all of Hull's attorney fees are a result of Mushero's violation of the UTPA.

■ Finally, Mushero contends that it is entitled to costs because it received a judgment. However, there was no dispute about Mushero's entitlement to the $11,500. The two disputed items, the additional costs sought by Mushero and the damages sought

---

1. The Home Construction Contracts Act provides, in pertinent part:

   § 1486. Definitions....
   4. Home Construction Contract. "Home construction contract" means a contract to build, remodel or repair a residence, including not only structural work but also electrical, plumbing and heating work; carpeting; window replacements; and other nonstructural work....
   § 1487. Home Construction Contracts
   Any home construction contract for more than $1,400 in materials or labor must be in writing and must be signed by both the home construction contractor and the homeowner or lessee. Both the contractor and the homeowner or lessee shall receive a copy of the executed contract prior to any work performance. This basic contract must contain the entire agreement between the homeowner or lessee and the home construction contractor and must contain at least the following parts....

2. Because neither party requested findings of fact we assume the court found all the facts necessary to support its decision. *Smile, Inc. v. Moosehead Sanitary Dist.*, 649 A.2d 1103, 1106 (Me.1994).

by Hull, were both decided in Hull's favor. For that reason the trial court was correct in awarding costs to Hull.

The entry is:

Judgment affirmed.

All concurring.