STATE OF MAINE
PENOBSCOT, SS.

DISTRICT COURT
SOUTHERN PENOBSCOT
BANGOR
Docket No. CV-02-190
JLH −PEN− ᶜⁿ 29/2004

Philbrook & Spinney Building Contractors,
    Plaintiff/Counterclaim Defendant

DONALD L.
L

JUL 1 2 2004

v.

Decision and Judgment

FILED & ENTERED
SUPERIOR COURT

JUN 2 9 2004

PENOBSCOT COUNTY

Peter T. Hessert,
    Defendant/Counterclaim Plaintiff

Hearing on the complaint and counterclaim was held on June 28, 2004. The plaintiff and counsel for both parties were present throughout the trial. The defendant was present for a portion of the trial. In this action, the plaintiff seeks recovery for amounts that it claims are owed by the plaintiff for construction and carpentry work it performed at the defendant's request, on a residence owned by the defendant's mother. In his counterclaim, the defendant seeks damages for an alleged breaches of contract and of the Home Construction Contract Act (HCCA), 10 M.R.S.A. § 1486 *et seq.*

The defendant approached the plaintiff, which is a remodeling contractor, to improve the attic in his mother's Bangor house, converting it into residential space. The best evidence of the terms of the parties' ultimate agreement consists of an instrument signed by both parties. *See* plaintiff's exhibit 1. The document is entitled, "JOB PROPOSAL," and just above the signature lines, it is described as "only an estimate." However, immediately above the latter notation, the signatories are advised, "Your signature below acknowledges the acceptance of this job bid and the work to be done as described above." The defendant read the document and then signed it. The language within the four corners of the document creates an ambiguity about whether that writing is a contract. However, it is evidence of a contract. At least as importantly, the parties'

1

subsequent conduct demonstrates that they treated the written provisions as the terms of their agreement. For example, both parties rely on the written description of the scope of the work as controlling; the evidence demonstrates that responsibilities were allocated between the parties as set out in the writing; and the defendant made a down payment ($8,500, which is quite close to the customary 1/3 initial payment) that was consistent with the written contract price ($25,000) rather than the price he urges ($20,000). The court thereby concludes that the fixed contractual price was $25,000. The defendant has paid a total of $16,500 toward this contractual obligation.

The parties debate the question of whether this construction project is subject to the HCCA. Even if the HCCA governs this transaction, and even if the written agreement does not satisfy the requirements of the HCCA,[1] the plaintiff has established that it is entitled to recover under a theory of quantum meruit. Maine law suggests that when an express contract violates the HCCA, a contractor may still recover on the basis of an implied contract. *See William Mushero, Inc. v, Hull,* 667 A.2d 853, 855 (Me. 1995). The defendant does not argue otherwise here.

A claim for quantum meruit requires proof that the plaintiff rendered services to the defendant, that the defendant knew of and consented to those services, and that under the circumstances it is reasonable for the plaintiff to expect payment for those services. *Paffhausen v. Balano,* 1998 ME 47, ¶ 6, 708 A.2d 269, 271. The jist of a quantum mertuit claim is the existence of an implied promise where the formal elements of an express contract do not exist. *Id.,* ¶ 9, 708 A.2d at 272. A promise to pay or perform may be found "when the surrounding circumstances make it reasonable for him [the performing party] to believe that he will receive payment from the other." *Id.,* 708 A.2d at 272 (citation and punctuation omitted). The reasonableness of that belief flows from the performance of services "under circumstances consistent with contractual relations." *Id.,* 708 A.2d at 272 (citation and punctuation omitted). *See also Danforth v. Ruotolo,* 650 A.2d 1334, 1335 (Me. 1994).

Here, if the provisions of the HCCA invalidate any express contract between the parties, the plaintiff is nonetheless entitled to recover its contract damages because it

---

[1] It is evident that the written agreement falls short of the statutory requirements set out in section 1487.

2

rendered services to the defendant (or at least at his request); the defendant both knew of and consented to those services; and it was entirely reasonable for the plaintiff to expect payment of $25,000 for those services. The measure of damages in a claim for quantum meruit is the reasonable value of the services that were performed. *See Mushero*, 667 A.2d at 855. Because the parties agreed to the amount of $25,000, the court finds that this is the value of the plaintiff's services and materials under that implied contract. *Id.*

The amount of the unpaid contractual balance that otherwise would be due to the plaintiff must be reduced by costs that the defendant incurred to complete the shingling of the roof. After the plaintiff left the premises, the defendant hired the project foreman to reshingle two roof areas, over an entryway and over the sunroom. These roof areas are not contiguous with the roof areas where the construction has occurred. For this reason, the plaintiff argues that this additional roof work was not within the scope of the parties' agreement, which required the plaintiff to "[r]e-shingle the remaining roof" (beyond the new roof areas associated with the two dormers). The plaintiff has failed to prove this point, however, because without that additional work, the several roofs on the building would not match visually. It is reasonable to conclude that the parties intended that the construction project would result in a single roof scheme for the entire building. To remedy this shortcoming, the defendant paid $1,200 in labor and roughly $125 in materials. This expense, which was covered by the contract price, shall be deducted from the amount owed to the plaintiff under the parties' implied contract.

The plaintiff has also established entitlement to quantum meruit recovery for the cost of carpeting and vinyl flooring that should have been paid directly by the defendant. The total cost for these floor treatments is $1,347.66. *See* plaintiff's exhibits 4 and 5.

The final element of the plaintiff's claim arises from work that exceeded the scope of the parties' original contract (implied or otherwise). *See* plaintiff's exhibit 3. Beyond the carpeting and vinyl flooring, which were specifically reserved for acquisition by the defendant directly, the plaintiff has failed to prove that the parties entered into an enforceable express contract or that, under a quantum meruit theory, that the plaintiff reasonably expected payment for that additional work. Although the plaintiff has a general practice of using written change orders, it elected not to create any such writings for adjustments in the original plans for the project at issue here. The court views this as

3

evidence that the plaintiff did not expect to receive payment for this additional work. Further, a number of times, the plaintiff's principal told the project foreman simply to do the work that would satisfy the defendant. Finally, at least some of the invoices that the plaintiff sent to the defendant did not include any charges for the extra work claimed here. *See, e.g.,* plaintiff's exhibit 2. This again shows that the plaintiff did not expect payment, thus defeating a claim for this additional amount based either on express or implied contract.

In his counterclaim, the defendant alleges that the plaintiff breached the parties contract because it did not reshingle all of the roofs and because some aspects of the remodeling work were defective. All of the areas of defective performance have been addressed as part of the plaintiff's basic contract claim, discussed above and in note 3 *infra*. The defendant has not established any additional grounds for relief on a contract claim.

Additionally, the defendant alleges that he is entitled to recovery for violations of the HCCA and, by extension, the Unfair Trade Practices Act (UTPA), 5 M.R.S.A. § 205-A *et seq.* The only forms of relief that remain available to the defendant are those set out in the UTPA.[2] "In order to recover damages for a violation of the UTPA the homeowner must show a loss of money or property *that results from the violation.* 5 M.R.S.A. § 213." *Mushero,* 667 A.2d at 855. Here, the defendant has not proven that any violation of the HCCA caused him to lose money or property. He claims damages resulting from incomplete performance, from defective performance, and from delays in the completion of the project.[3] None of any such problems asserted by the defendant arise from any violation of the HCCA itself.

---

[2] The HCCA itself allows the imposition of civil penalties. 10 M.R.S.A. § 1490. Even if a "civil penalty" is a private remedy, it is not available here because an action to recover such a civil penalty must be commenced within 2 years of the alleged violation. That did not happen in this case.

[3] The incomplete performance consists of the two roofs that the defendant needed to reshingle after the plaintiff left the premises. This issue is addressed above. The allegedly defective performance includes electrical wiring that did not meet his particular needs. The defendant has not proven any such defects in the quality of the plaintiff's work. Finally, the defendant argues that because the project took longer than he anticipated, his son was unable to move into the new quarters and he had to make other

4

The entry shall be:

For the foregoing reasons, on the complaint, judgment is entered for the plaintiff in the amount of $8,522.66, plus pre-judgment interest at the annual rate of 8% and post-judgment interest at the annual rate of 7.41%. *See* 14 M.R.S.A. §§ 1602-B, 1602-C.

On the counterclaim, judgment is entered for the counterclaim defendant (the plaintiff).

The plaintiff is awarded its costs of court.

Dated: June 29, 2004

Justice, Maine Superior Court
sitting in Maine District Court
Jeffrey L. Hjelm

---

arrangements to provide care for his mother, who also lived in the house. This latter contention is undermined in three ways. First, the evidence reveals that the parties did not agree to a firm completion date. Both parties knew of the circumstances affecting the defendant's mother and the defendant's interest in reaching a prompt completion date. However, the plaintiff agreed only to take all reasonable steps to finish the work as quickly as possible and gave no assurances. Second, the court cannot find that any such delays in the completion of the remodeling project were the legal cause of any additional expenses incurred by the defendant. Finally, the defendant has simply failed to prove the extent of any such damages because he has submitted no meaningful proof of those alleged losses.

5

PHILBROOK & SPINNEY BUILDING CONTRACTORS - PLAINTIFF
136 FRUIT STREET
BANGOR ME 04401
Attorney for: PHILBROOK & SPINNEY BUILDING CONTRACTORS
EDMOND BEAROR
RUDMAN & WINCHELL
84 HARLOW ST
PO BOX 1401
BANGOR ME 04402-1401

DISTRICT COURT
BANGOR
Docket No   BANDC-CV-2002-00190

**DOCKET RECORD**

vs
PETER T HESSERT  - DEFENDANT

Attorney for: PETER T HESSERT
PAUL A WEEKS
LAW OFFICE OF PAUL WEEKS
82 COLUMBIA STREET
BANGOR ME 04401

Filing Document: COMPLAINT
Filing Date: 04/11/2002

Minor Case Type: CONTRACT

## Docket Events:

04/11/2002 FILING DOCUMENT - COMPLAINT FILED ON 04/11/2002

04/11/2002 Party(s):  PHILBROOK & SPINNEY BUILDING CONTRACTORS
        ATTORNEY - RETAINED ENTERED ON 04/10/2002
        Plaintiff's Attorney: EDMOND BEAROR

04/11/2002 Party(s):  PHILBROOK & SPINNEY BUILDING CONTRACTORS
        SUMMONS/SERVICE - ACK OF RECEIPT OF SUMM/COMP FILED ON 04/11/2002
        Defendant's Attorney: EDMOND BEAROR

04/11/2002 Party(s):  PETER T HESSERT
        MOTION - MOTION FOR ENLARGEMENT OF TIME FILED ON 04/09/2002
        Defendant's Attorney: PAUL A WEEKS

05/14/2002 Party(s):  PETER T HESSERT
        RESPONSIVE PLEADING - ANSWER & AFFIRMATIVE DEFENSE FILED ON 05/10/2002
        Defendant's Attorney: PAUL A WEEKS

05/14/2002 Party(s):  PETER T HESSERT
        RESPONSIVE PLEADING - COUNTERCLAIM FILED ON 05/10/2002
        Defendant's Attorney: PAUL A WEEKS

05/30/2002 Party(s):  PHILBROOK & SPINNEY BUILDING CONTRACTORS
        RESPONSIVE PLEADING - REPLY/ANSWER TO COUNTERCLAIM FILED ON 05/29/2002
        Plaintiff's Attorney:  EDMOND BEAROR

10/09/2002 HEARING - PRETRIAL/STATUS REQUESTED ON 10/07/2002
        Plaintiff's Attorney:  EDMOND BEAROR

10/09/2002 ORDER - PRETRIAL/STATUS ENTERED ON 10/08/2002
        RONALD D RUSSELL , JUDGE

Printed on: 06/30/2004