STATE OF MAINE                          SUPERIOR COURT
PENOBSCOT, SS.                          CIVIL ACTION
                                        Docket No. CV-04-198

                                        Pᴇɴ-JLH-5/3/06

Arnold G. Gahagan III et al.,
        Plaintiffs

v.                                      Order (Attorney's Fees)

Jean Nadeau,
        Defendant

FILED & ENTERED
SUPERIOR COURT

MAY 03 2006

PENOBSCOT COUNTY

With the confirmation of the arbitration award, the plaintiffs seek an award of attorney's fees incurred in connection with their claim against the defendant. The court has reviewed the parties' submissions on the issue.

The plaintiffs contend that an award of attorney's fees is authorized statutorily because, they argue, the arbitration award is based on findings that the home construction work performed by defendant was defective. From there, the plaintiffs argue that the arbitrator's findings amounted to a conclusion that the defendant violated the Home Construction Contracts Act, 10 M.R.S.A. § 1486 *et seq.*, which, pursuant to section 1490 of the HCCA is prima facie evidence that the defendant also violated the Unfair Trade Practices Act, 5 M.R.S.A. § 205-A *et seq.*, which, in turn, allows an award of attorney's fees under section 213(2) of the UTPA.

There are two problems with this syllogism. First, as section 1490 of the HCCA provides, a violation of that Act is only prima facie evidence of an unfair trade practice. This means that a successful HCCA claim satisfies the claimant's burden of production in pursuing a companion UTPA claim. A proven HCCA violation does not establish an unfair trade practice or even generate a presumption of unfairness. Here, a review of the arbitrator's award reveals that the plaintiffs and defendants pursued a series of complaints in arbitration and that they were successful with some claims and unsuccessful with others. However, the mere failure to satisfy a warranty is not a breach of the UTPA; rather, there must be unfairness or deception that characterizes the respondent's conduct.

1

*See Suminski v. Maine Applicance Warehouse*, 602 A.2d 1173, 1174 (Me. 1992). That level of culpability is not evident in the record.

More fundamentally, the HCCA governs the terms of home construction contracts. Here, the essence of the plaintiffs' claims against the defendant relates not to the terms of the agreement but to the quality of the construction work performed by the defendant. "In order to recover damages for a violation of the UTPA the homeowner must show a loss of money or property *that results from the violation*. 5 M.R.S.A. § 213." *See William Mushero, Inc. v, Hull*, 667 A.2d 853, 855 (Me. 1995). Here, the record does not establish that any violation of the HCCA caused the plaintiffs to lose money or property. Rather, they claim damages resulting from incomplete and defective performance. None of any such problems asserted by the defendant arise from any violation of the HCCA itself.

The entry shall be:

For the foregoing reasons, the plaintiffs' request for an award of attorney's fees is denied.

Dated: May 3, 2006

_____
Justice, Maine Superior Court

2

ARNOLD G GAHAGAN III ET AL VS JEAN NADEAU
UTN:AOCSsr  -2004-0100460                        CASE #:BANSC-CV-2004-00198
--------------------------------------------------------------------------------
ARNOLD  G. GAHAGAN, III                                        PL
ATTY WEEKS, PAUL A.   Tel# (207) 262-7199
ATTY ADDR:82 COLUMBIA STREET BANGOR ME 04401

ESTELLE  L. GAHAGHAN                                           PL
ATTY WEEKS, PAUL A.   Tel# (207) 262-7199
ATTY ADDR:82 COLUMBIA STREET BANGOR ME 04401

JEAN NADEAU                                                    DEF
ATTY BEAROR, EDMOND  Tel# (207) 947-4501
ATTY ADDR:84 HARLOW ST PO BOX 1401 BANGOR ME 04402-1401


M=More, Space = Exit:M

Select the EXIT KEY for page selection line.