STATE OF MAINE                    DISTRICT COURT
PENOBSCOT, SS.                    BANGOR
                                 Docket No. CV-06-166

O&O Electric, Inc.,
        Plaintiff

FILED & ENTERED
SUPERIOR COURT
JUN 1 3 2007
PENOBSCOT COUNTY

        v.                       Decision and Judgment

Jerry C. Kuan,
        Defendant


Hearing on the complaint and counterclaim was held on June 6, 2007. Both parties were present with counsel.

Jerry K. Kuan owns a 2-unit apartment building in Brewer. In 2005, he contracted with O&O Electric, an electrical contractor, for electrical work to be done on the premises. Kuan paid O&O the sum of $2,500 for the work. O&O alleges that Kuan had agreed to pay $4,897. O&O therefore brought this suit to recover the difference. Kuan acknowledges that he entered into an agreement with O&O for the electrical work but claims that under the terms of the agreement, he was obligated to pay only the $2,500 that he has already tendered.

O&O bears the burden of proving its claim by a preponderance of the evidence. On this record, the court is unable to find that the parties agreed to a price in the amount urged by O&O. Although O&O prepared worksheets suggesting that the cost of the work would be $4,897, Kuan never saw those documents, and so they do not constitute evidence of that Kuan agreed to pay that sum. Kuan himself is a general contractor, and when he secures the services of subcontractors, his practice is to advise those subcontractors the amount he is willing to pay, and he presents that proposal on a take-it-or-leave-it basis. In the case at bar, this leave little basis to favor the testimony of O&O's principal over that of Kuan. O&O's position is also weakened by the fact that it was in a better position than Kuan to memorialize the terms of the agreement by preparing a written proposal or other documentation of the terms of the parties' agreement. Further,

1

O&O accepted payment from Kuan, which Kuan stipulated was to be treated as full and complete payment of money owed under the agreement. O&O accepted the payment, although rejecting Kuan's condition. Kuan has not pleaded the affirmative defense of an accord and satisfaction, but the court nonetheless treats O&O's acceptance of Kuan's payment as evidence that does not support its position.

For these reasons, O&O has not proven that the parties entered into an agreement under which Kuan was obligated to pay more than $2,500 for the electrical work.

Kuan has filed a counterclaim, alleging that the electrical work was defective. However, as is noted above, Kuan contends that the total amount it would owe O&O was $2,500. In fact, Kuan paid that full amount at a time when he was fully aware of the quality of O&O's work. Kuan tendered that payment to O&O, characterizing it as payment in full. Kuan's willingness to make payment in full undermines his claim that he is entitled to relief now.

Kuan also seeks an award of attorney's fees, contending that O&O violated the provisions of the Home Construction Contracts Act (HCCA), 10 M.R.S.A. §§ 1486 *et seq.* It does not appear that the HCCA applies to residential structures in which the owner does not live. *See, e.g.,* 10 M.R.S.A. § 1487 (providing that the "homeowner or lessee" must receive a copy of the construction contract).

Even if the HCCA applied to the parties' agreement here, however, Kuan has not proven that he is entitled to attorney's fees. First, as section 1490 of the HCCA provides, a violation of that Act is only prima facie evidence of a violation of the Unfair Trade Practices Act (UTPA), 5 M.R.S.A. §§ 205-A *et seq.*, which is the authority for an award of attorneys fees. This means that a successful HCCA claim merely satisfies the claimant's burden of production in pursuing a companion UTPA claim. A proven HCCA violation does not establish an unfair trade practice or even generate a presumption of unfairness. Here, Kuan has not established a level of unfairness or deception necessary to constitute a violation of the UTPA. *See Suminski v. Maine Appliance Warehouse*, 602 A.2d 1173, 1174 (Me. 1992).

More fundamentally, the HCCA governs the terms of home construction contracts. Here, the essence of the Kuan's claim against O&O relates not to the terms of the agreement but to the quality of the construction work performed by O&O. "In order

2

to recover damages for a violation of the UTPA the homeowner must show a loss of money or property *that results from the violation.* 5 M.R.S.A. § 213." *See William Mushero, Inc. v, Hull,* 667 A.2d 853, 855 (Me. 1995). Here, the record does not establish that any violation of the HCCA caused Kuan to lose money or property. Indeed, he willingly paid the amount of money that he claims that O&O was entitled to receive. Rather, Kuan claims damages resulting from incomplete and defective performance. None of any such problems that Kuan asserts arise from any violation of the HCCA itself.

The entry shall be:

For the foregoing reasons, on the complaint, judgment is entered for the defendant. On the counterclaim, judgment is entered for the plaintiff (the counterclaim defendant). No costs are awarded to either party.

Dated: June 13, 2007

_____
Justice, Maine Superior Court
sitting in Maine District Court
Jeffrey L. Hjelm

O AND O ELECTRIC INC VS JERRY C KUAN
UTN:AOCSsr  -2006-0045465                      CASE #:BANDC-CV-2006-00166
-----------------------------------------------------------------------------
SEL VD                                    REPRESENTATION TYPE      DATE
01 0000000866 ATTORNEY:WALSH, JOSEPH T JR
ADDR:6 STATE STREET BANGOR ME 04401
     F FOR:JERRY C KUAN                        DEF        RTND   05/18/2006

02 0000009255 ATTORNEY:BLOOMER, KIRK D
ADDR:326 STATE STREET BANGOR ME 04401
     F FOR:O AND O ELECTRIC INC                PL         RTND   04/27/2006



          Enter Option: A=Add, B+Sel=Browse, M=More, R+Sel=RltnEdit:

Select the EXIT KEY for page selection line.