STATE OF MAINE                                      SUPERIOR COURT

Lincoln, ss.

EILEEN DOYLE

Plaintiff

v.                                               Docket No. LIN-RE-06-044

EDWIN DUQUETTE and ANNA DUQUETTE

Defendants

ORDER ON SUMMARY JUDGMENT

This matter comes before the court on the plaintiff's motion for partial summary judgment on Counts II and VII of her complaint, the claims for violations of the Improvident Transfers of Title Act and the Home Construction Contracts Act. Doyle also seeks partial summary judgment on the defendants' counterclaims for breach of contract and defamation.

Background And Procedural History

Except as noted below, the following facts are not in dispute:

The plaintiff, Eileen Doyle (Doyle), is an elderly woman who was living alone in Waldoboro when she entered into a contract with the defendants, Edwin and Anna Duquette (the Duquettes), whereby she would give them 1.8 acres of land in exchange for various repairs and construction work on her home. Although the characterization of the relationship between Doyle and the Duquettes is disputed, both parties agree that the Duquettes provided daily meals to Doyle for a period of five months, and performed various small tasks at her request. On August 10, 2006, Doyle executed a deed prepared by Anna Duquette, which mistakenly transferred 3.67 acres of land to

the Duquettes, instead of the 1.8 acres agreed to by the parties. The Duquettes recorded this deed.

When Doyle realized the mistake, she notified the Duquettes, and the parties agreed to correct the deed. A second deed was executed on August 23, 2006, describing an entirely different 1.8 acres of land, which the Duquettes also recorded.

There is a dispute about what the second deed represented. Doyle claims that the Duquettes presented this second deed to her as a "corrective deed" to rectify the erroneous first transfer, but the Duquettes argue that the second deed actually reflected a separate second contract between the parties for additional work by the Duquettes. According to the Duquettes, the first transfer was never corrected, even though the parties all agreed to do so. Doyle also paid $12,385.73 to the Duquettes, which the Duquettes claim was for reimbursement of costs paid out of pocket by them.

According to the Duquettes, they were prevented from completing the work pursuant to both contracts by Doyle's nephew. On December 15, 2006, the Duquettes entered into a purchase and sale agreement to sell both pieces of land for $29,000, and accepted $500.00 in earnest money from the potential buyer. However, five days later, Anna Duquette wrote a letter to Doyle offering to reconvey the land to Doyle, and demanding $29,582.06 for the work done by her and her husband. Doyle instead filed suit in this court on December 22, 2006, asserting the following claims: violation of the Improvident Transfers of Title Act; abuse of a confidential relationship; constructive fraud; actual fraud; unjust enrichment; violations of the Home Construction Contracts Act and the Unfair Trade Practices Act; and breach of contract.

The Duquettes filed their answer on January 17, 2007, denying the allegations and asserting counterclaims for breach of contract and unjust enrichment. Both parties have since amended their pleadings, and the Duquettes have added a counterclaim for

2

defamation. The present motion for partial summary judgment was filed by Doyle on March 17, 2008, and opposed by the Duquettes on April 3.

## Analysis

### I. Standard of Review

Summary judgment is proper where there exist no genuine issues of material fact such that the moving party is entitled to judgment as a matter of law. M.R. Civ. P. 56(c); *see also Levine v. R.B.K. Caly Corp.*, 2001 ME 77, ¶ 4, 770 A.2d 653, 655. A genuine issue is raised "when sufficient evidence requires a fact-finder to choose between competing versions of the truth at trial." *Parrish v. Wright*, 2003 ME 90, ¶ 8, 828 A.2d 778, 781. A material fact is a fact that has "the potential to affect the outcome of the suit." *Burdzel v. Sobus*, 2000 ME 84, ¶ 6, 750 A.2d 573, 575. "If material facts are disputed, the dispute must be resolved through fact-finding." *Curtis v. Porter*, 2001 ME 158, ¶ 7, 784 A.2d 18, 22. A party wishing to avoid summary judgment must present a prima facie case for the claim or defense that is asserted. *Reliance Natl. Indem. v. Knowles Industrial Services*, 2005 ME 29, ¶ 9, 868 A.2d 220, 224-25. At this stage, the facts are reviewed "in the light most favorable to the nonmoving party." *Lightfoot v. Sch. Admin. Dist. No. 35*, 2003 ME 24, ¶ 6, 816 A.2d 63, 65.

*Doyle's Improvident Transfers of Title Act Claim*

The Improvident Transfers of Title Act, 33 M.R.S. §§ 1021-25 (2008), allows the court to grant appropriate relief when an elderly person who is dependent on others transfers property or money as a result of undue influence. If the elderly person did not have the benefit of independent counsel for the transaction, section 1022 creates a rebuttable presumption of undue influence when there is "any transfer of real estate or major transfer of personal property or money for less than full consideration...to a person with whom the elderly dependent person has a confidential or fiduciary

3

relationship." Thus, for the presumption to arise, a plaintiff must prove each of the following: (1) that he or she is an elderly person who is dependent on others; (2) who transferred real estate or transferred a major amount of personal property or money; (3) for less than full consideration; (4) without the representation of independent counsel; (5) to someone with whom he or she shared a confidential relationship. If the transferee is not able to rebut the presumption, the plaintiff is entitled to appropriate relief "including the rescission or reformation of a deed or other instrument, the imposition of a constructive trust on property or an order enjoining use of or entry on property or commanding the return of property." *Id.* at §§ 1022-23.

Because it is the plaintiff here who is moving for summary judgment, Doyle not only must show that there is an absence of disputed facts as to all of the criteria required for the statutory presumption to arise, but she must also show that there are no disputed facts concerning the claims the Duquettes have raised to rebut the presumption.

Although there is no dispute that the first deed required correction, the Duquettes have generated a factual issue as to whether the two deeds were based on two separate contracts between Doyle and them. Additionally, the Duquettes claim that all of the money that Doyle paid to them was for materials and supplies associated with the second contract. Therefore, it is unnecessary for the court to decide whether Doyle has proved everything necessary to create the presumption of undue influence, because the Duquettes have clearly raised genuine issues of material fact about whether they can rebut the presumption. Plaintiff's motion for summary judgment on Count II is denied.

*Doyle's Home Construction Contract Claim*

There is no dispute that Mr. Duquette did not satisfy the requirements for home construction contracts under the Home Construction Contracts Act (HCCA), 10 M.R.S. §§ 1486-90 (2008), because he has stipulated as much.[1] However, Duquette argues that there is a genuine issue of material fact concerning his liability under the HCCA. Duquette asserts that Doyle is not entitled to summary judgment because his failure to comply with the statute was unintentional and a bona fide error.

Section 1490 of the HCCA specifies two penalties for violating the statute. The first simply indicates that a violation of the HCCA is prima facie evidence of a violation of the Unfair Trade Practices Act (UTPA), 5 M.R.S. §§ 205-A to 214 (2008). *Id.* at § 1490(1). The second penalty treats the violation of the statute as a civil violation and allows the court to assess a fine "of not less than $100 nor more than $1,000." *Id.* at § 1490(2). However, there is no liability for a civil violation "if the contractor shows by a preponderance of the evidence that the violation was unintentional and a bona fide error, notwithstanding the maintenance of procedures reasonably adopted to avoid such error." *Id.*

Mr. Duquette has generated an issue of fact as to whether his admitted violation of the HCCA was unintentional. Moreover, Doyle does not dispute his assertion that he reads at only a third grade level. However, Mr. Duquette has presented nothing to indicate that, at the time of the work, he maintained procedures adopted to avoid unintentional violations. To avoid summary judgment, he had to generate an issue as to whether such procedures were adopted and maintained, and he has not done so.

---

[1] *See* 10 M.R.S. §§ 1487-1488 (2008) for the details of what a home construction contract must contain. In this case, the two deeds are the only evidence of the home construction contract between Doyle and the Duquettes. Without specifying each way in which those deeds are deficient as home construction contracts under the HCCA, it is clear that Duquette did not comply with the statute.

Although Duquette is entitled to summary judgment on her HCCA claim, it amounts only to a declaration that the statute has been violated, which in turn can serve as prima facie evidence of a violation of the UTPA.[2]

The amount and availability of statutory penalties and attorney fees are not within the scope of Doyle's motion, and therefore are not addressed in this order. Because there is no dispute that Duquette did in fact violate the HCCA, Doyle is entitled to summary judgment on Count VII. However, to support any claim for penalties or attorneys fees, it may nonetheless be necessary for her to present evidence as to the extent and willfulness of violations and their connection to the amount of attorney fees incurred by her in the course of her dispute with the Duquettes, including in the present action.

*Duquettes' Breach of Contract Counterclaim*

Doyle argues that she is entitled to summary judgment on the Duquettes' counterclaim for breach of contract because the Improvident Transfers of Title Act allows the court to order rescission or reformation of a contract resulting from undue influence. See 33 M.R.S. §§ 1022-23 (2008). Because a factual dispute exists concerning whether the Duquettes actually violated the statute, summary judgment is not appropriate.

Alternatively, Doyle argues that the Duquettes should be estopped from asserting breach of contract because there is no dispute that the contract(s) at issue violated the HCCA. However, a contractor who violates the HCCA is not thereby precluded from any recovery under such theories as quantum meruit for work actually performed at the request of the owner. *See William Mushero, Inc. v. Hull*, 667 A.2d 853, 855 (Me. 1995). It will be for the fact-finder to decide whether a second contract did in

_____

[2] Doyle has not requested summary judgment on her claim under the UTPA.

2. Plaintiff's motion for summary judgment on Count VII of the complaint is granted, to the extent of a declaration that Defendant Edwin Duquette violated the

fact exist and whether Doyle breached that contract by preventing the Duquettes from performing under it. Doyle's motion for summary judgment on Count I of the Duquettes' counterclaim is therefore denied.

*Duquette Counterclaim for Defamation*

To support their claim for defamation, the Duquettes must make a prima facie showing that Doyle made an unprivileged publication to a third party of a false and defamatory statement about them. *See Morgan v. Kooistra*, 2008 ME 26, ¶ 25, 941 A.2d 447, 455 (citations omitted). The false statement must be one of fact, not of opinion. *Caron v. Bangor Publg. Co.*, 470 A.2d 782, 784-85. Although the Duquettes claim that Doyle told her sister that the Duquettes had taken advantage of an elderly woman, the only evidence offered to support such a claim is the sister's deposition testimony. The portion of that testimony cited by the Duquettes indicates that the sister was merely expressing her own conclusion about what had occurred, not repeating Doyle's words.[3] Doyle is hereby granted summary judgment on the Duquettes' counterclaim for defamation.

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED as follows:

1. Plaintiff's motion for summary judgment on Count I of the complaint is denied.

---

[3] The most relevant portion of the cited testimony reads as follows:

Q     And you feel that they did something that they shouldn't have done?

A.     This is what it appears to me.

Q.     And what is that?

A.     Taking advantage of an elderly woman.

Depo. Juliet Dorland 51:4-51:8.

7